## Integrity Trust Co., Trustee, v. Stone, etc.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Michael Francis Doyle*, for petitioner.

MacNeille, J., May 10, 1940.—We are asked in this case to permit the amendment of the caption and of the record by changing it from Integrity Trust Company, Trustee for Certificate Holders, etc., to Integrity Trust Company, Assignee of Integrity Trust Company, Trustee for Certificate Holders, etc., under a proceeding against a mortgagor in which a sci. fa. was issued, judgment taken, execution had, and a sheriff's deed delivered.

It appears that the Integrity Trust Company succeeded by merger to a trusteeship held by the West Philadelphia Title & Trust Company. Under the common law this could not be, but, by reason of the Banking Code of May 15, 1933, P. L. 624, sec. 1410, there may be such a suc-

cession as substituted trustee, provided 30 days' notice has been given to the interested parties in order that if they desire they may appeal to the court for appointment of substituted trustee.

In the absence of records of the trust company we are offered an affidavit of James M. Newell, deputy receiver of the Integrity Trust Company, saying that he has been employed by the said Integrity Trust Company for a period of 23 years and was employed by it at the time of these transactions; that he has examined the records and they show that the trust company in purchasing this mortgage from itself as trustee paid to the trusteeship the full value therefor, and that the participating certificate holders involved have received full payment on their certificates and no longer have any interest in the matter. That, moreover, the 30 days' notice required by the act above referred to was duly given by advertisement.

Of course, the trust company had no right to purchase for itself an asset which it held as trustee. This, apparently, is not even cured by the Act of June 24, 1939, P. L. 739, which validated purchases theretofore made by banks and trust companies, etc., as fiduciaries of mortgages or other assets from their own commercial department. Therefore, we are not approving of the practice of trust companies purchasing from themselves as trustees or selling their corporate assets to themselves as trustees, but it appears in the instant case that nobody was injured by the transaction. As we view it, this injury could have happened in only one way, that is if the trust company in purchasing this mortgage was purchasing a very good asset from the trust estate and at or about the same time may have sold to the trust estate an asset or mortgage that was not so good although its face value may have been the same. We have asked counsel to make inquiry as to this and there seems to be no evidence that such a wrongful transaction took place. Therefore, in view of the fact that no harm seems to have been done,

and that if this amendment is not allowed confusion may result in harm to innocent parties, we are constrained to allow the amendment.